## No. 519

### COLUMBIA LIFE INS. CO. Et. v. HESS AND FIVE OTHERS

Ohio Appeals 1st Dist. Hamilton Co.

Decided March 8, 1926.

323. COUNTY AUDITOR—1. Methods for review of acts of County Auditor are provided by statute.

2. Injunction will not lie to prevent his acting.

HAMILTON, J.

The plaintiff and five other Insurance Companies bringing like action against defendant had made a full return valuation of all their personal property, making certain deductions for claimed debts. Hess, Auditor of Mamilton County, notified plaintiffs that he would not allow the deductions, and intended to place the full valuation, without deductions on the tax duplicates.

To prevent this action by the auditor, injunction proceedingc were instituted by the plaintiffs in Hamilton Common Pleas, where permanent injunction was granted.

The Auditor challenged the right of the plaintiffs to invoke the jurisdiction of a court of equity in the cases, contending that an adequate remedy at law is provided by statute. Court of Appeals held:

1. It is fundamental that equity jurisdiction cannot be invoked if there is an adequate remedy at law.

2. Sec. 5609 GC. et seq. provide an adequate remedy for the review of the acts of an auditor.

3. Such being the case the injunction will be denied and petition dismissed.

Attorneys—Messrs. Waite, Schindel & Bayless, Columbia Life Insurance Company; othre counsel, Messrs. Jones, Shook, Morrissey & Terry, Messrs. Maxwell & Ramsey, and Messrs. Dinsmore, Shohl & Sawyer; Messrs. Bettinger, Schmitt & Kreis, Mr. Charles S. Bell, Pros. Atty; and Mr. Chester S. Durr, Asst. Pros. Atty; all of Cincinnati.

## No. 520

### CREW v. PENN. RY. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2687. Decided March 1, 1926

941. PRACTICE AND PROCEDURE— Where plaintiff has reason to believe answer is a sham and untrue, the proper recourse is a motion to strike from files.

BUCHWALTER, P. J.

S. T. Crew, the owner of a garage along the Pennsylvania R. R. Co. right of way brought this action to recover damages of the railroad Co. for a fire allaged to have been caused by sparks emitted from a passing locomotive operated by the company.

The company filed answer, which, in the contention of Crew is merely a sham and untrue. He made no motion to strike such answer, but after an adverse verdict filed motion for a judgment on the pleadings. Hamilton Common Pleas overruled this motion and entered judgment on the verdict.

On proceedings in error, the Court of Appeals held:

1. Where plaintiff has reason to believe that answer is a sham and untrue, motion to strike from files is the proper recourse.

Judgment of Common Pleas affirmed.

Attorneys—Washington T. Porter and H. C. Bolsinger for Crew; Maxwell & Ramsey and G. B. Moorman for Penn. R. R. Co.; all of Cincinnati.